## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APOTEX INC.<br>150 Signet Drive<br>Weston, Ontario, Canada M9L 1T9,<br><br>       Plaintiff,<br>  v.<br><br>FOOD AND DRUG ADMINISTRATION<br>5600 Fishers Lane<br>Rockville, Maryland 20857,<br><br>MICHAEL O. LEAVITT<br>Secretary of Health and Human Services<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201, and<br><br>ANDREW C. VON ESCHENBACH, M.D.<br>Commissioner of Food and Drugs<br>5600 Fishers Lane<br>Rockville, Maryland 20857,<br><br>       Defendants. | Case No. |

## COMPLAINT

Plaintiff Apotex Inc. ("Apotex"), for its complaint against the U.S. Food and Drug Administration; Michael O. Leavitt, Secretary of Health and Human Services; and Andrew C. von Eschenbach, M.D., Commissioner of the U.S. Food and Drug Administration (collectively, "FDA"), alleges as follows:

### Nature Of The Action

1.      Apotex brings this action challenging FDA's unlawful decision to convert final approval of Apotex's Abbreviated New Drug Application ("ANDA") No. 76-048 for Omeprazole Delayed-Release Capsules 10 mg and 20 mg to a tentative approval, which effectively prohibits Apotex from further marketing and selling its generic omeprazole products.

2.      Apotex received final FDA approval for its 10 mg and 20 mg omeprazole delayed-release capsule products on October 6, 2003.  This grant of final approval provided Apotex the right to begin marketing its 10 mg and 20 mg omeprazole products as of that date. Apotex has been marketing its omeprazole products since November 2003.  FDA nonetheless has now withdrawn that final approval in clear contravention of the applicable provisions of the Federal Food, Drug, and Cosmetic Act ("FFDCA"), applicable regulations and legal precedent. Pursuant to the Administrative Procedures Act ("APA"), FDA's actions are arbitrary, capricious, an abuse of discretion, contrary to law, and in excess of statutory authority.

3.      To mitigate the devastating and irreparable harm that Apotex is already suffering, Apotex is entitled to immediate injunctive relief from this Court reinstating its final approval and enjoining FDA from converting that approval to tentative status.

### Parties

4.      Plaintiff Apotex (a part of which formerly was known as TorPharm, Inc.) is a corporation organized and existing under the laws of Canada.   Apotex develops and manufactures generic drugs for sale and use in the United States and throughout the world.

5.      Defendant Michael O. Leavitt is the Secretary of Health and Human Services, and the official charged by law with administering the FFDCA.  He is sued in his official capacity. Secretary Leavitt maintains offices at 200 Independence Avenue, S.W., Washington, D.C. 20201.

6.      Defendant Andrew C. von Eschenbach, M.D. is the Commissioner and senior official of FDA.  He is sued in his official capacity.  Commissioner von Eschenbach has been delegated the authority to administer the drug approval provisions of the FFDCA through FDA. He maintains offices at 5600 Fishers Lane, Rockville, Maryland 20857.

**Jurisdiction and Venue**

7.    This action arises under the FFDCA, 21 U.S.C. § 301 *et seq.*; the APA, 5 U.S.C. § 551 *et seq.*; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1361.

8.    This Court has personal jurisdiction over the Defendants because they are either located and/or conduct substantial business in, or have regular and systematic contact with, this District.  Venue is proper in this District under 28 U.S.C. § 1391(e).

9.    There exists an actual, substantial, and continuing controversy between the parties regarding FDA's decision to revoke approval of Apotex's ANDA No. 76-048.  This Court may declare the rights and legal relations of the parties under 28 U.S.C. §§ 2201, 2202.

**Background**

I.    **Statutory Framework For Approval Of New And Generic Drugs.**

A.    **New Drugs—NDAs and Patent Listing Requirements.**

10.    A company seeking to sell an original, new drug must file a new drug application ("NDA") containing technical data on the composition of the drug, the means for manufacturing it, clinical trial results to establish the safety and efficacy of the drug, and labeling for use of the drug for which approval is requested.  *See* 21 U.S.C. § 355(b)(1).

11.    An NDA applicant also must submit information to FDA with respect to any patent that "claims the drug for which the applicant submitted the application or which claims a method of using such drug . . . ."  21 U.S.C. § 355(b)(1); *see also id.* § 355(c)(2).  After approving the NDA, FDA publishes this patent information in the "Orange Book."  *See id.*; 21 C.F.R. § 314.53(e).

**B.      Generic Drugs—ANDAs and Patent Certifications.**

12.      A company seeking FDA approval to market a generic version of a previously-approved NDA drug may file an ANDA without repeating the comprehensive and extensive human clinical studies conducted for the NDA drug.  A generic ANDA applicant must, however, establish that its proposed product is bioequivalent to the already-approved NDA drug and, with certain exceptions, that it has the same active ingredient, dosage form, dosage strength, route of administration, and labeling as the approved NDA drug.  *See* 21 U.S.C. § 355(j)(2)(A).

13.      An ANDA also must include one of four certifications with respect to each Orange Book-listed patent for the NDA drug:  (I) that there is no patent information; (II) that the listed patent has expired; (III) that the ANDA applicant will not market its generic drug until after the expiration of the listed patent; or (IV) that the listed patent is invalid and/or will not be infringed by the proposed generic drug, a so-called "paragraph IV certification."  *See* 21 U.S.C. § 355(j)(2)(A)(vii).

14.      With certain exceptions not applicable here, an ANDA applicant seeking FDA approval to market its generic drug before expiration of the Orange Book-listed patent must submit a paragraph IV certification, and notify the patentee (and the NDA-holder) of the factual and legal bases for that certification.  *See* 21 U.S.C. § 355(j)(2)(B).

15.      Submitting an ANDA with a paragraph IV certification constitutes a technical act of infringement under 35 U.S.C. § 271(e)(2)(A), thereby vesting the district courts with subject matter jurisdiction to adjudicate whether the proposed generic drug infringes the relevant patent before the drug has actually been marketed.

16.      By bringing suit, the patentee triggers an automatic stay of FDA approval.  FDA cannot finally approve the ANDA for 30 months, regardless of the merit, or lack thereof, of the

patent infringement case. *See* 21 U.S.C. § 355(j)(5)(B)(iii). Before expiration of the 30 months, the stay can be terminated by a court decision of non-infringement and/or invalidity on that patent. *See id.*

17.    If the district court hearing the patent infringement suit decides that the patent is valid and infringed before expiration of the patent, the court may enter an order stating that the effective date of approval of the ANDA shall be a date that is not earlier than expiration of the patent. *See* 35 U.S.C. § 271(e)(4)(A).

18.    Upon expiration of the 30-month stay, and if there is no court decision of patent validity and infringement, the ANDA applicant is statutorily entitled to, and FDA must grant, final effective approval of the ANDA (assuming the applicant has satisfied FDA's substantive ANDA approval requirements and there are no other patent- or exclusivity-related impediments to final approval).

19.     FDA may not revoke and/or convert the effective final approval of an ANDA after expiration of the relevant patent.

**C.    Pediatric Exclusivity.**

20.    In certain circumstances, an NDA-holder that conducts certain clinical studies in the pediatric population at the written request of FDA may be awarded an additional six-month period of so-called marketing exclusivity, commonly known as "pediatric exclusivity." *See* 21 U.S.C. § 355a.

21.    Section 355a provides for this period of exclusivity by delaying the period during which FDA may approve certain pending ANDAs.

22.    The six-month period granted by Section 355a does not extend the term of any relevant patent, but rather merely extends by six months certain periods during which FDA cannot issue final approval to certain ANDAs.

23.    The six-month period of pediatric exclusivity granted by Section 355a does not apply to or otherwise affect ANDAs with paragraph IV certifications that are already finally approved, and for which there had been no court decision of infringement or validity, as of the date of patent expiration. FDA reached this conclusion in an April 18, 2007 decision letter in a matter involving generic versions of the drug Norvasc® (amlodipine). FDA's decision was upheld by Judge Urbina of this Court. *Mylan Labs., Inc. v. Leavitt*, 484 F. Supp. 2d 109 (D.D.C. 2007), *appeal pending*, No. 07-5156 (D.C. Cir.).

## II.    Factual Background.

### A.    AstraZeneca's NDA No. 19-810 for Prilosec®.

24.    AstraZeneca holds approved NDA No. 19-810 for 10 mg, 20 mg and 40 mg omeprazole delayed-release capsules, which are sold under the brand-name Prilosec® for, among other things, the treatment of gastroesophageal reflux disease.

25.    FDA's Orange Book contains information on various patents in connection with AstraZeneca's NDA for Prilosec®, of which two are relevant here:  (a) U.S. Patent No. 4,786,505 ("the '505 patent"); and (b) U.S. Patent No. 4,853,230 ("the '230 patent").

26.    The '505 and '230 patents expired on April 20, 2007.

27.    FDA also has awarded AstraZeneca a period of pediatric exclusivity in connection with Prilosec®. This period of exclusivity applies only to ANDAs that did not have final effective approval before expiration of the '505 and '230 patents.

28.    The period of pediatric exclusivity for Prilosec®, to the extent applicable, expires on October 20, 2007.

**B.**     **Apotex's ANDA No. 76-048 for Omeprazole Delayed-Release Capsules 10 mg and 20 mg.**

29.     On December 5, 2000, Apotex submitted ANDA No. 76-048 for omeprazole 10 mg, 20 mg and 40 mg delayed-release capsules.

30.     Apotex's ANDA contains paragraph IV certifications to, among others, the listed '505 and '230 patents.  As required by statute and regulation, Apotex duly notified AstraZeneca of its ANDA and paragraph IV certifications, together with the legal and factual bases for those certifications.

31.     In response to the filing and notice of Apotex's paragraph IV ANDA, AstraZeneca sued Apotex for alleged infringement of the '505 and '230 patents under 35 U.S.C. § 271(e)(2)(A) in the United States District Court for the Southern District of New York ("the New York Action" or "New York Court").

32.     The only 30-month stay arising out of the New York Action expired in 2003.

33.     On October 6, 2003, FDA granted final approval of Apotex's ANDA 76-048 for the 10 mg and 20 mg omeprazole products, finding that Apotex's generic product is safe and effective for use in accordance with the approved labeling.

34.     Apotex commercially launched its generic products immediately thereafter, and has been providing a lower-priced version of this important medicine to consumers since that time.

35.     In fact, several other companies, including Mylan, Lek and Impax, also commercially launched and have been marketing competing generic omeprazole products as well.

36.     On April 20, 2007, the '505 and '230 patents naturally expired before any adjudication on the merits by the New York Court.  Prior to patent expiration, the New York

Court did not enter any order on the merits of the patent dispute finding the patents infringed or valid.

37.     At no time prior to patent expiration did AstraZeneca make efforts to revoke Apotex's final effective approval or otherwise attempt to preclude the commercial marketing of Apotex's competing generic products.

38.     Because Apotex's omeprazole ANDA was finally approved *years* before the patents expired and before any ruling on infringement and validity, there is no period of pediatric exclusivity that applies to Apotex's ANDA.

**C.     The New York Court Judgment.**

39.     On June 14, 2007, despite the expiration of the patents, the New York Court hearing the patent case entered judgment of infringement against Apotex and others.

40.     Under that judgment, the New York Court concluded that Apotex's omeprazole products infringe certain claims of the '505 and '230 patents.

41.     Despite the expiration of the '505 and '230 patents, the New York Court also entered an order stating that "[p]ursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of approval for the aforementioned products and related ANDAs shall be not earlier than October 20, 2007, the date on which the six-month period of exclusivity under 21 U.S.C. § 355a(b)(2)(B) expires."

42.     The New York Court entered this order even though there is no pediatric exclusivity to enforce against Apotex, and thus the court had no authority or jurisdiction to enter such relief.

43.     Apotex appealed the New York Court's judgment to the United States Court of Appeals for the Federal Circuit ("Federal Circuit").  That appeal is still pending.

44.     Apotex sought a partial stay before the New York Court of the portion of the New York Court's order purporting to reset the effective date of Apotex's ANDA approval. The New York Court denied that motion.

45.     Apotex also filed an emergency motion to stay or otherwise vacate the New York Court's judgment with the Federal Circuit. The Federal Circuit denied that motion on June 26, 2007.

46.     On June 28, 2007, Apotex filed an emergency motion with the Federal Circuit seeking reconsideration of that court's denial of Apotex's emergency motion to stay. That motion remains pending.

**D.      The Failure of the New York Court to Obtain FDA's Input.**

47.     Administrative agencies (like FDA) are required to bring their experience and expertise to bear in addressing the meaning and application of statutes that they administer. Thus, FDA is vested with exclusive statutory authority to determine whether an NDA sponsor is entitled to pediatric exclusivity that delays the final approval of a particular ANDA sponsor.

48.     In this matter, however, the New York Court determined in the first instance that AstraZeneca is entitled to pediatric exclusivity against Apotex and that the court could "enforce" that period of pediatric exclusivity under 35 U.S.C. § 271(e)(4)(A) without the benefit of any input from FDA.

49.     The New York Court's judgment, its denial of Apotex's motion for a stay, and the Federal Circuit's denial of Apotex's motion for a stay are all based on an erroneous assumption that AstraZeneca is entitled to a period of pediatric exclusivity that affects Apotex. Those courts overlooked the fact that FDA had squarely concluded, in its April 18, 2007 decision involving a different drug product, that pediatric exclusivity under the FFDCA does not apply to ANDAs (like Apotex's) that have final approval at the time of patent expiration.

50.     Viewed properly, there was and is no basis under the FFDCA for awarding AstraZeneca pediatric exclusivity against Apotex.

**E.      FDA's Revocation and/or Conversion of Apotex's Final Effective Approval.**

51.     FDA was not legally bound or obligated to convert Apotex's final approval based on the New York Court's Order.

52.     FDA's decision resolving Apotex's final approval is arbitrary, capricious and contrary to law.

53.     On June 21, 2007, Apotex submitted a letter to FDA detailing the reasons why FDA should not, and indeed could not, lawfully revoke and/or convert the status of Apotex's final approval.

54.     On June 28, 2007, Apotex asked FDA to delay any action on Apotex's ANDA until the Federal Circuit considers Apotex's emergency motion to reconsider the denial of Apotex's motion to stay the district court's judgment.  Apotex also requested that FDA seek public comment and input from interested applicants and parties before taking any action, just as FDA did regarding the amlodipine matter.  FDA refused to do so.

55.     On June 28, 2007, FDA issued its administrative decision stating that, "in light of this [district] court order, the Agency hereby converts the final approval of ANDA 76-048 issued on October 6, 2003, to a tentative approval.  Therefore, your ANDA is now **tentatively approved**.  Final approval cannot be granted earlier than October 20, 2007."

56.     FDA provided no legal ground or basis for its decision to revoke Apotex's final approval and did not respond to any legal arguments set forth in Apotex's June 21, 2007 letter.

57.     Because there is no pediatric exclusivity against Apotex, FDA had no lawful basis or authority to revoke Apotex's final approval.

58.    FDA's decision constitutes final agency action for purposes of judicial review under the APA.

59.    Apotex has exhausted its administrative remedies.  Any additional effort to seek administrative relief from the Agency would be futile and would result in further irreparable prejudice and harm to Apotex.

## Claims For Relief

### Count I
### (Violation of the FFDCA and APA)

60.    Apotex repeats and realleges the foregoing paragraphs as though fully alleged herein.

61.    FDA has no lawful basis or authority under the FFDCA or its regulations to revoke or otherwise convert final approval of Apotex's ANDA No. 76-048 to a tentative approval.

62.    FDA's decision to revoke approval of Apotex's ANDA No. 76-048 and/or to convert the status of that final approval to a tentative approval is arbitrary, capricious, an abuse of discretion, and not in accordance with the law within the meaning of 5 U.S.C. § 706(2)(A), in excess of statutory authority within the meaning of 5 U.S.C. § 706(2)(C), and in violation of the FFDCA.

63.    Apotex has no adequate remedy at law.

### Count II
### (Relief Pending Review, 5 U.S.C. § 705)

64.    Apotex repeats and realleges the foregoing paragraphs as though fully alleged herein.

65.    Under 5 U.S.C. § 705, Apotex is entitled to immediate injunctive relief staying the effects of FDA's revocation and/or conversion of Apotex's final effective approval in order to prevent irreparable harm to Apotex pending resolution of this matter on the merits, including an appeal to the D.C. Circuit.

**Request for Relief**

WHEREFORE, Apotex respectfully prays that this Honorable Court enter judgment in its favor and against Defendants, as follows:

(a)    Entry of judgment declaring that FDA's revocation and conversion of final effective approval of Apotex's ANDA No. 76-048 for 10 mg and 20 mg omeprazole capsules to a tentative approval is arbitrary, capricious, an abuse of discretion, and contrary to law;

(b)    Entry of an injunction requiring FDA to immediately reinstate final approval of Apotex's ANDA No. 76-048 for 10 mg and 20 mg omeprazole capsules;

(c)    In the alternative, entry of an interim injunction staying the effects of FDA's revocation and/or conversion of Apotex's final effective approval pending resolution of this action, including, if necessary, an appeal to the D.C. Circuit;

(d)    Entry of an order awarding Apotex its reasonable attorneys' fees and costs of prosecuting this action; and

(e)    Such other and further relief as the Honorable Court deems just and proper.

Dated:  July 2, 2007.                    Respectfully submitted,

                                         APOTEX INC.

                                    By:    /s/ Arthur Y. Tsien
                                         Arthur Y. Tsien, D.C. Bar No. 411579
                                         Kathryn E. Balmford, D.C. Bar No. 482279
                                         OLSSON, FRANK AND WEEDA, P.C.
                                         1400 16th Street, N.W., Suite 400
                                         Washington, D.C. 20036-2220
                                         (202) 789-1212
                                         (202) 234-3550 (facsimile)

-13-

Of Counsel:
William A. Rakoczy, D.C. Bar No. 489082
Amy D. Brody, D.C. Bar No. 478100
Natalie G. Mitchell
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60610
(312) 222-6301
(312) 222-6321 (facsimile)
wrakoczy@rmmslegal.com

*Counsel for Apotex Inc.*

**CIVIL COVER SHEET**
JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Apotex Inc. | Food and Drug Administration, Michael O. Leavitt, and Andrew Von Eschenbach |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ——— 99999 ———<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ———<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Arthur Y. Tsien, Esq.<br>Kathryn E. Balmford, Esq.<br>Olsson, Frank and Weeda, P.C.<br>1400 Sixteenth Street, N.W.<br>Suite 400<br>Washington, DC 20036 | ATTORNEYS (IF KNOWN)<br>Office of Consumer Litigation<br>U.S. Department of Justice<br>1331 Pennsylvania Avenue, N.W.<br>National Place Building<br>Room 950<br>Washington, DC 20004 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 3 Federal Question (U.S. Government Not a Party)

◉ 2 U.S. Government Defendant

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

**◉ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**○ E. General Civil (Other)**        OR        **○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

TRO/PI (FDA violated the Federal Food, Drug, and Cosmetic Act and the Administrative Procedure Act in revoking approval of Plaintiff's ANDA.)

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint    JURY DEMAND: YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  July 2, 2007    SIGNATURE OF ATTORNEY OF RECORD  _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.