IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APOTEX INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 07-cv-01194-RMU |
| v. ) | |
| ) | |
| FOOD AND DRUG ADMINISTRATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**APOTEX INC.'S MEMORANDUM IN OPPOSITION TO
ASTRAZENECA'S MOTION TO INTERVENE**

The Court should deny Astra's motion to intervene because it has no interest whatsoever in the outcome of this litigation. Indeed, Astra has nothing to gain or lose regardless of the Court's disposition on either Apotex's motion for temporary restraining order and/or preliminary injunction or the merits of this lawsuit. And Astra certainly will not be harmed (financially or otherwise) should the Court enter the injunctive relief Apotex seeks as there is no "Congressionally-mandated reward" of which Astra will be deprived in such circumstances. The current dynamic of the omeprazole market only further undermines Astra's purported "interest" here, as the market is already controlled by generic competitors even without Apotex. Nothing that happens here will change that or somehow give Astra meaningful pediatric exclusivity. And FDA can adequately represent any nominal interest that Astra may have in this litigation. The most Astra can do here is needlessly complicate otherwise straightforward issues before this Court. Accordingly, Astra simply fails to—and cannot—satisfy its burden to support intervention here (either as of right or permissively).

**ARGUMENT**

Astra fails to satisfy the requisite standards to support intervention in this litigation, whether as of right or permissively. In particular, Astra has failed to demonstrate: (1) an adequate or cognizable interest that would be served by permitting Astra to intervene; (2) possible impairment of that interest; or (3) lack of adequate representation by FDA, to satisfy the standards for intervention as of right. It fares no better in seeking permissive intervention. Rather, a common question of law or fact does not exist between any claim or defense Astra may have and this litigation; and permitting intervention risks not only confusing otherwise straightforward issues that stem solely from FDA's actions here, but hindering Apotex's right to a prompt decision on its motion for a temporary restraining order and/or preliminary injunction.

Moreover, FDA is fully capable of representing any interest Astra may have, which would be similar to that of any other member of the public. Therefore Astra's attempt to intervene necessarily fails. *See SEC v. Prudential Sec. Inc.*, 136 F.3d 153, 161 (D.C. Cir. 1998) (affirming denial of motion to intervene where movants had no legally protected interest in the proceeding); *Envtl. Def. v. Leavitt*, 329 F. Supp. 2d 55, 65-69 (D.D.C. 2004) (Urbina, J.); *United States v. Microsoft Corp.*, No. Civ. A. 98-1232(CKK), 2003 WL 1191753, at *3 (D.D.C. Feb. 7, 2003) (denying motion to intervene because movant failed to establish a "legally protectable interest").

**I.      Astra Is Not Entitled To Intervene As Of Right.**

Under Federal Rule of Civil Procedure 24(a)(2), an applicant seeking to intervene as of right must demonstrate four factors: (1) timeliness; (2) a cognizable interest; (3) impairment of that interest; and (4) lack of adequate representation by the existing parties. *Leavitt*, 329 F. Supp. 2d at 65-66. The Court should deny intervention as of right if the movant

fails to satisfy just one of these factors. *See, e.g., SEC*, 136 F.3d at 156 (recognizing that "[c]onsideration of the second requirement alone is sufficient to dispense of the instant appeal").

      **A.    Astra Has No Cognizable Interest Sufficient To Support Intervention In This Litigation.**

Astra repeatedly asserts that it "has a direct interest in this action" or that it somehow "benefits" from FDA's actions, but nowhere explains what that interest or those benefits might be. (Astra Mot. ¶¶ 9-11). In fact, Astra essentially hinges its entire motion on this purported "direct interest" and the unidentified "benefit" it will lose if FDA's decision is set aside. The Court can quickly dismiss any notion that Astra has any interest in this litigation (other than to complicate the issues) or that it will lose any benefit.

      **1.    If the Court sets aside FDA's decision, Astra will not be "deprived" of its pediatric exclusivity or otherwise lose any "benefit" in connection with such exclusivity.**

To be clear, Astra has no interest at all in this litigation; indeed, it will not be deprived of any exclusivity that may exist, and the outcome of this litigation will have no impact financially (or otherwise) on Astra. Astra certainly cannot claim an interest based on the loss of any purported pediatric exclusivity that does not exist as to Apotex. And even if it did, the legitimacy of Astra's argument is further undermined by the fact that the omeprazole market is already saturated by several other generics that will be able to continue marketing omeprazole products, even without Apotex. Any way you slice it, under Astra's rationale, it will continue to be "deprived" of its exclusivity regardless of whether Apotex is on or off the market. In other words, the outcome of this litigation either way will not impact Astra. As such, Astra can demonstrate no real interest that justifies intervention.[1]

---

[1] In *Mova Pharmaceutical Corp. v. Shalala*, 140 F.3d 1060, 1074-75 (D.C. Cir. 1998), the D.C. Circuit held that it was reversible error for the district court to deny the brand manufacturer's motion to intervene in a lawsuit against FDA related to 180-day exclusivity for generic versions of the brand manufacturer's

### 2.    Astra can demonstrate no "direct interest" in this litigation resulting from any action by FDA.

Nor can Astra seriously argue that it has a "direct interest" here as a private party affected by government action. Indeed, the case law upon which Astra relies to support this tenuous argument is entirely distinguishable from the facts at issue before this Court. (*See* Astra Mot. ¶ 9). For instance, in *American Horse Protection Ass'n v. Veneman*, 200 F.R.D. 153 (D.D.C. 2001), a nonprofit organization challenged the legality of a Department of Agriculture program referred to as the "Horse Protection Operating Plan" ("Operating Plan"). *Veneman*, 200 F.R.D. at 155. The purpose of the Operating Plan was to implement the Horse Protection Act ("HPA"), which prohibited the infliction of pain on the front legs of horses in order to obtain a high-stepping gait. *Id.* A group involved in the training and breeding of show horses referred to as the Fund sought intervention. *Id.* at 156. The Operating Plan regulated how horses are trained and thus directly affected how members of the Fund trained their horses. *Id.* at 157.

Astra's reliance on *Natural Resources Defense Council, Inc. v. EPA*, 99 F.R.D. 607 (D.D.C. 1983) also fails. In *Natural Resources*, the plaintiffs challenged EPA's Rebuttable Presumption Against Registration ("RPAR") decisions, which determined whether the registration of pesticides with the potential of causing adverse health effects should be restricted or suspended. *Natural Res.*, 99 F.R.D. at 608. The proposed intervenors, a group of pesticide representatives and managers, had pesticide products that EPA determined merited continued registration in RPAR decisions. *Id.* at 609. Thus, the court concluded that the intervenors' interests "would be practically impaired" if EPA's RPAR decisions were set aside and the

---

drug product. The D.C. Circuit held that, while 180-day exclusivity was not intended to benefit brand drug companies directly, 180-day exclusivity nevertheless affected the extent to which a brand manufacturer would face generic competition. On that basis, the D.C. Circuit held that the brand manufacturer should have been allowed to intervene. In comparison, as discussed above, the outcome of this litigation would not impact Astra in any way. Thus, the D.C. Circuit's decision in *Mova* supports the conclusion that Astra's motion to intervene should be denied by this Court.

pesticide products were no longer considered registered, because the intervenors would have to restart the process of demonstrating that their pesticides were safe. *Id.*

Unlike Astra here, however, the Fund and the pesticide manufacturers demonstrated that they were directly affected by government action. But Astra has not, and indeed cannot, show that it or the sale of its omeprazole products will in any way be affected if FDA's decision is set aside or upheld. In fact, Astra has not submitted any evidence that it will be injured or that it would benefit in any practical, financial or legal way depending on how this case is resolved. Thus, its request to intervene must be denied. *See Veneman*, 200 F.R.D. at 156 ("[W]hen a party seeks to intervene as a defendant to uphold what the government has done, it would have to establish that it will be injured in fact by the setting aside of the government's action it seeks to defend, that this injury will have been caused by that invalidation, and the injury would be prevented if the government action is upheld.").

B.  **FDA Can Adequately Represent Any Interest Astra May Have.**

"[T]he fact that the government is a party [to this litigation] makes it more difficult" for Astra to satisfy its burden here. *Sweet Home Chapter of Communities for a Great Oregon v. Lujan*, Civ. A. No. 91-1468, 1991 WL 277331, at \*3 (D.D.C. Dec. 10, 1991); *see also Envtl. Def. Fund, Inc. v. Higginson*, 631 F.2d 738, 740 (D.C. Cir. 1979) (recognizing that "to intervene in a suit in district court in which a state is already a party, a citizen or subdivision of that state must overcome this presumption of adequate representation"). To the extent that Astra has any interest in this litigation, it is from the perspective of a member of the public, the interests of whom FDA is "deemed to [adequately] represent" here. *Lujan*, 1991 WL 277331, at \*2 (citation omitted).

Further, despite Astra's arguments to the contrary, while FDA does not have a financial stake in this litigation, neither does Astra. For instance, as discussed above, because

5

the omeprazole market is already "genericized," other generic suppliers, not Astra, will gain Apotex's market share. Astra further hints that it stands to lose the benefit of "a significant investment of time and money in gaining an entitlement to pediatric exclusivity." (Astra Mot. ¶ 11). But these benefits were lost the moment the omeprazole market was genericized by other generic competitors besides Apotex years ago. Because generic suppliers other than Apotex will continue to market omeprazole, nothing that happens here will affect Astra. Therefore, Astra has no separate financial interest in this litigation that warrants its intervention here.

Astra also fails to demonstrate how its interests are sufficiently different from FDA's interest that they will not be adequately represented by FDA. *See Lujan*, 1991 WL 277331, at *4; *see also Higginson*, 631 F.2d at 740 (concluding that "[a] minimal showing that the representation may be inadequate is not sufficient," but rather "[t]he applicant for intervention must demonstrate that its interest is in fact different from that of the state and that that interest will not be represented by the state"). To the contrary, "there appears to be no possible divergence between [Astra's] position and [FDA's] position on the primary issue." *Higginson*, 631 F.2d at 740. Rather, both oppose the relief Apotex seeks here. And Astra has not presented any serious arguments that are not otherwise duplicative of those already offered by FDA. Thus, in the end, Astra provides no legitimate reason why FDA cannot adequately represent any interest it may have in this litigation.

As such, Astra's motion to intervene must be denied.

**II.    Astra's Request For Permissive Intervention Should Be Denied.**

Astra's request for permissive intervention must be denied as well. Under Rule 24(b)(2), a movant may only be permitted to intervene "when an applicant's claim or defense and the main action have a question of law or fact in common" and the intervention will not

6

otherwise "unduly delay or prejudice the adjudication of the rights of" either FDA or Apotex. Astra cannot satisfy this standard.

First, Astra has no viable claim or defense with respect to the litigation here—which challenges FDA's decision to blindly implement the New York Court's order in violation of FDA's statutory obligation to engage in independent and reasoned agency decision-making on the issue of whether there is any pediatric exclusivity as to Apotex that would justify the revocation of Apotex's approval. Astra fails to show how FDA is not in a position to vigorously and faithfully represent the public interest in this regard. *See Microsoft*, 2003 WL 1191753, at *4 (denying movant's Rule 24(b)(2) motion to intervene where movant made "no allegations that the government failed to 'vigorously and faithfully represent[] the public interest'" (citation omitted)). Thus, Astra would contribute nothing of value to this litigation.

Accordingly, this Court should exercise its discretion and deny Astra's request to intervene permissively under Rule 24(b).

### CONCLUSION

For all these reasons, the Court should deny Astra's motion to intervene.

Dated: July 9, 2007.                         Respectfully submitted,

                                             APOTEX INC.

                                         By:    /s/ Arthur Y. Tsien
                                             Arthur Y. Tsien, D.C. Bar No. 411579
                                             Kathryn E. Balmford, D.C. Bar No. 482279
                                             OLSSON, FRANK AND WEEDA, P.C.
                                             1400 16th Street, N.W., Suite 400
                                             Washington, D.C. 20036-2220
                                             (202) 789-1212
                                             (202) 234-3550 (facsimile)

<u>Of Counsel</u>:
William A. Rakoczy, D.C. Bar No. 489082
Amy D. Brody, D.C. Bar No. 478100
Natalie G. Mitchell
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60610
(312) 222-6301
(312) 222-6321 (facsimile)

*Counsel for Apotex Inc.*