IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APOTEX, INC., | : |
| Plaintiff, | : Case No. 1:07-cv-01194-RMU |
| v. | : |
| FOOD AND DRUG ADMINISTRATION, *et al.,* | : |
| Defendants. | : |

### ASTRAZENECA LP'S REPLY MEMORANDUM IN SUPPORT OF
### ITS MOTION FOR LEAVE TO INTERVENE

In its motion to intervene, AstraZeneca LP ("Astra") demonstrated that it has a significant interest in this case: its interest in defending its right to a period of pediatric exclusivity for Prilosec® against generic competition from Apotex. Apotex's opposition wrongly assumes that Astra cannot have an interest in this litigation unless Astra has a quantifiable financial stake in the outcome. That position construes the "interest" requirement in Federal Rule of Civil Procedure 24 far too narrowly. Astra's interest is a six month period of legal exclusivity it earned through substantial effort in conducting pediatric studies – in itself, a cognizable legal right. In addition, Astra has an obvious interest in defending the judgment that it won against Apotex in patent infringement litigation in the Southern District of New York (the "patent court") – including the remedy that this lawsuit seeks to attack collaterally. These interests more than justify Astra's intervention in this lawsuit. Furthermore, Apotex cannot show that Astra will realize no financial benefit from the remaining period of pediatric exclusivity.

Astra's period of pediatric exclusivity against generic competition for Prilosec® is a protected legal interest that Astra secured by performing pediatric studies at the behest of FDA.

While the magnitude of the potential financial benefit that Astra could receive from its pediatric exclusivity against any one generic competitor may be unquantifiable, the legal period of pediatric exclusivity represents an important right in the present and provides a substantial incentive in the future for Astra (and other pioneer drug manufacturers) to perform pediatric studies.  Congress deemed this incentive particularly important in passing the Food and Drug Administration Modernization Act, Pub. L. 105-115, 111 Stat. 2296 (1997).  Pediatric exclusivity is a Congressionally-mandated reward, regardless of the size of the financial benefit ultimately gained from that reward.  Apotex's suit seeks to deprive Astra of that reward as against Apotex, an adjudicated patent infringer.  Astra's interest in defending its legal right to that reward gives it an interest in the outcome of this litigation sufficient to make intervention appropriate.  *See Smuck v. Hobson*, 408 F.2d 175, 179 (D.C. Cir. 1969) (en banc) (no "apparent reason why an 'economic interest' should always be necessary to justify intervention").[1]

       Moreover, Astra explained in its motion that it has an interest in preserving the benefit of the judgment against Apotex in the patent court.  Apotex does not even address that interest.  As FDA explained in its opposition to Apotex's motion for preliminary injunctive relief, Apotex's lawsuit is, in effect, a collateral attack on a judgment entered against Apotex in a case in which Astra – but not FDA – was a party.  Astra has a clear interest in resisting Apotex's collateral assault on that judgment.[2]

---

[1]    Apotex suggests (Opp. at 2) that Astra does not have an interest sufficient to intervene because Astra is not entitled to periodic exclusivity as to Apotex.  That argument, however, assumes that Apotex will succeed on the merits of its claim against FDA.  The very fact that Apotex's suit questions whether Astra is entitled to pediatric exclusivity as against Apotex is the reason that Astra has an interest in this litigation and should be permitted to intervene.

[2]    Apotex's other arguments – about whether FDA will protect Astra's interests and whether Astra should be permitted to intervene under Rule 24(b) – rely entirely on Apotex's (continued…)

Finally, the Court should disregard Apotex's unsubstantiated speculation about the financial gain Astra may receive from its remaining period of pediatric exclusivity. Prilosec® remains a brand-name product in the marketplace, and Astra has earned the right to exclude infringing competitors such as Apotex from that market through October 20. The market should have the opportunity to adjust to the situation where adjudicated infringers like Apotex are off the market during the period of pediatric exclusivity. And, the benefit to AstraZeneca, not only financially, but also of protecting its pediatric exclusivity against blatant and continued violation is of paramount importance. For all these reasons, Astra has a real interest in the outcome of this lawsuit and it should be permitted to intervene to protect that right.

Respectfully submitted,

/s/ Joshua D. Wolson
Peter O. Safir (D.C. Bar No. 217612)
Carolyn F. Corwin (D.C. Bar No. 939355)
Joshua D. Wolson (D.C. Bar No. 473082)
Laura E. Derr (D.C. Bar No. 500344)
COVINGTON & BURLING LLP
1201 Pennsylvania Ave. N.W.
Washington, D.C. 20004
(202) 662-6000

*Counsel for Applicants for Intervention as Defendant AstraZeneca LP*

Dated: July 10, 2007

---

characterization of Astra as a disinterested private party. As demonstrated herein, that is not the case, and those arguments therefore offer no basis to deny Astra's application to intervene.

## CERTIFICATE OF SERVICE

       I, Joshua Wolson, certify that on this 10th day of July, 2007, caused a true and correct copy of the foregoing to be filed via the Court's CM/ECF system and effected service on all counsel of record per that system. In addition, I caused a true and correct copy of the foregoing to be served via electronic mail upon the following:

    Arthur Y. Tsien
    Kathryn E. Blamford
    OLSSON, FANK AND WEEDA, P.C.
    1400 16th Street, N.W., Suite 400
    Washington, D.C. 20036
    atsien@ofwlaw.com

    William A. Rakoczy
    Amy D. Brody
    Natalie G. Mitchell
    RAKOCZY MOLINO MAZZOCHI SIWIK LLP
    6 West Hubbard Street, Suite 500
    Chicago, IL 60610
    wrakoczy@rmmslegal.com
    abrody@rmmslegal.com
    nmitchell@rmmslegal.com

    *Counsel for Plaintiff*

    Andrew E. Clark
    US DEPARTMENT OF JUSTICE
    P.O. Box 386
    Washington, DC 20044
    andrew.clark@usdoj.gov

    *Counsel for Defendants*

                                       /s/ Joshua D. Wolson
                                       Joshua D. Wolson