UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| APOTEX INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1194 (RMU) |
| | ) | |
| FOOD AND DRUG ADMINISTRATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**FEDERAL DEFENDANTS' MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, federal defendants, the Food and Drug Administration, Michael O. Leavitt, and Andrew C. von Eschenbach, through counsel, hereby move to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. The grounds for this motion are set out more fully in the memorandum in support of motion to dismiss filed herewith.

|  |  |
|---|---|
| Of Counsel: | Respectfully submitted, |
| DANIEL MERON<br>General Counsel | PETER D. KEISLER<br>Assistant Attorney General |
| SHELDON T. BRADSHAW<br>Chief Counsel, Food and Drug Division | C. FREDERICK BECKNER III<br>Deputy Assistant Attorney General |
| ERIC M. BLUMBERG<br>Deputy Chief Counsel, Litigation | EUGENE M. THIROLF<br>Director<br>Office of Consumer Litigation |
| WENDY S. VICENTE<br>Associate Chief Counsel | /s/ |
| U.S. Dept. of Health & Human Services<br>Office of the General Counsel<br>5600 Fishers Lane<br>Rockville, MD  20857<br>(301) 827-7138 | ANDREW E. CLARK<br>Attorney<br>Office of Consumer Litigation<br>U.S. Department of Justice<br>P.O. Box 386<br>Washington, D.C.  20044<br>Tel:  (202) 307-0067 |
| Dated:  August 30, 2007 | |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| APOTEX INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-1194 (RMU) |
| FOOD AND DRUG ADMINISTRATION, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**FEDERAL DEFENDANTS' COMBINED MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS AND IN OPPOSITION TO APOTEX'S MOTION FOR
LEAVE TO FILE SUPPLEMENTAL REPLY IN SUPPORT OF ITS MOTION FOR
TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

**INTRODUCTION**

On August 27, 2007, Apotex Inc. ("Apotex") sought leave of this Court to file a supplemental reply memorandum in support of its pending motion for preliminary injunctive relief. The federal defendants ("FDA") hereby submit this memorandum in opposition to Apotex's motion. Apotex's supplemental reply fails to bring any information to this Court's attention that could affect the outcome in this case, it does not support its pending motion, and does not merit this Court's attention; thus, Apotex's motion for leave should be denied.

It is not even necessary to reach this motion, however, because Apotex's complaint fails to state a claim upon which this Court can grant relief. FDA's response to the complaint is due next week on September 4, and simultaneously with the filing of this memorandum, FDA is moving to dismiss the complaint. This combined memorandum includes arguments both in support of FDA's motion to dismiss and in opposition to Apotex's pending motion for leave to file a supplemental reply. Because the arguments in the motion to dismiss are dispositive of all

of the issues in this case, those arguments are addressed first.

Apotex seeks an order from this Court compelling FDA to disregard the order of another United States District Court – an order that reset the approval date of Apotex's abbreviated new drug application ("ANDA") for generic omeprazole after a finding that Apotex had infringed the patents of proposed intervenor-defendant AstraZeneca. After entry of that order (by Judge Jones of the Southern District of New York), FDA took steps to comply with the order, and converted Apotex's previously approved ANDA to a "tentatively" approved ANDA for which "final" approval cannot be granted until October 20, 2007.

Although Apotex has appealed Judge Jones' decision (hereinafter the "New York court" decision) to the United States Court of Appeals for the Federal Circuit, it has also brought suit in this Court, claiming that the New York court lacked authority to award such relief and faulting FDA for complying with the court's order. Apotex's attempt to collaterally attack the New York court's decision in this forum is utterly meritless and its complaint fails to state a legally cognizable claim. FDA's action in giving effect to the New York court's order cannot in any sense be characterized as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," nor can Apotex identify any legal basis upon which FDA may disregard a court's order requiring a change in approval status under 35 U.S.C. § 271(e)(4)(A). Because Apotex's complaint is plainly deficient, it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## BACKGROUND

This Court is familiar with the background of this case. Because the pertinent facts and issues are set forth in Federal Defendants' Memorandum in Opposition to Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Dkt. Entry 8), they are not repeated

here. Only one background fact has changed since FDA filed its opposition to Apotex's motion for preliminary injunctive relief, and that is that Apotex failed for a third time to obtain a stay of the New York court's decision when, on July 5, 2007, the Federal Circuit denied Apotex's request for reconsideration of the Federal Circuit's earlier denial of a stay. (Attachment 1 to Dkt. Entry 13).

## ARGUMENT

### I. APOTEX HAS NOT STATED A CLAIM FOR WHICH RELIEF CAN BE GRANTED

When reviewing a motion to dismiss under Rule 12(b)(6), a court must accept as true all of the plaintiff's well-pled factual allegations; however, courts "accept neither 'inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint,' nor 'legal conclusions cast in the form of factual allegations.'" *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002); *Luck's Music Library, Inc. v. Ashcroft*, 321 F. Supp. 2d 107, 112 (D.D.C. 2004). Dismissal is appropriate when, as here, the plaintiff's complaint is "legally insufficient to state claims upon which relief can be granted." *See Trudeau v. FTC*, 456 F.3d 178, 191 (D.C. Cir. 2006). Even assuming the truth of all of Apotex's factual allegations in this case, this Court cannot grant the relief that Apotex requests – a court order that would directly contradict the order of another United States District Court. Accordingly, Apotex's complaint should be dismissed.[1]

---

[1] Although FDA believes that dismissal under Rule 12(b)(6) is warranted in this case, the administrative record is on file and the instant motion could therefore be treated as one for summary judgment should the Court deem it appropriate. *See* Fed. R. Civ. P. 12(b).

## A. FDA's Decision is Not Contrary to Law

As an administrative agency, it is not FDA's role to second-guess a federal district court's order granting relief in a patent infringement suit between two private parties. Nor is FDA free to simply ignore the New York court's order. This is particularly true here, when the court issued its order pursuant to its "general equitable powers" (AR Tab 2, at 26),[2] and 35 U.S.C. § 271(e)(4)(A), which is not part of the FDCA and which FDA is not charged with administering. *See Mylan Laboratories, Inc. v. Thompson*, 389 F.3d 1272, 1279 n.5 (D.C. Cir. 2004) ("*Mylan (duragesic)*").

Once the court determined that the effective date of Apotex's ANDA should be delayed until October 20, 2007, FDA was bound to give effect to that order, in recognition of the New York court's judicial power to grant relief. Although FDA was not a party to that case, FDA properly determined that it would respect the authority of a district court to issue orders that collaterally require the agency to take action, just as it had done in *Mylan (duragesic)*, 389 F.3d at 1282. Indeed, the district court's authority to issue orders awarding relief under 35 U.S.C. § 271(e)(4)(A) inherently depends upon FDA's compliance with those orders, even when, as here, FDA is not a party to the patent litigation.

Apotex attempts to distinguish *Mylan (duragesic)* on the ground that the district court in that case found infringement of the patent before it had expired. Reply Br. at 6 (Dkt. Entry 11). That fact is irrelevant, however, to the controlling proposition in *Mylan (duragesic)* – that FDA properly gives effect to a court's order under 35 U.S.C. § 271(e)(4)(A) by administratively changing the effective date of the affected ANDA and, if necessary, converting its approval status

---

[2] "AR" denotes the Administrative Record in this case, which FDA filed on July 5, 2007 (Dkt. Entry 7).

from final to tentative.  FDA did not second-guess the court's infringement determination in *Mylan (duragesic)*, nor is it FDA's role to second-guess the New York court's determination as to the appropriate relief to award for patent infringement in this case.  Thus, Apotex's resort to "well-settled law" that an expired patent is in the public domain (Reply Br. at 7) is irrelevant to FDA's action in this case – which simply implemented the New York court's order by resetting the effective date of Apotex's ANDA to October 20, 2007.  Although Apotex is free to raise such arguments on appeal to the Federal Circuit, it is manifestly not up to FDA (or, respectfully, this Court) to inveigh on the wisdom of the New York court's decision.

     Apotex claims that FDA has previously taken the position that it was not bound by a court's order in litigation to which it is not a party, citing *American Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1081-82 (D.C. Cir. 2001).  Reply Br. at 10 n.6 (Dkt. Entry 11).  This argument, too, is unavailing.  *American Bioscience* did not involve 35 U.S.C. § 271(e)(4)(A), a statute that explicitly contemplates FDA compliance with court orders such as that issued by the New York court.  FDA's position that it will respect the authority of a United States District Court to order relief under § 271(e)(4)(A) that affects the approval status of an ANDA is identical to its position in *Mylan (duragesic)* – a position that was upheld both by this Court and the D.C. Circuit.  *See Mylan (duragesic)*, 389 F.3d at 1282.  Moreover, *American Bioscience* involved entirely different circumstances.  There, FDA's conclusion (that a patent should be considered delisted from the Orange Book) was based in part on its interpretation of a judicial decision from a district court; FDA declined to follow in one respect that court's suggestion on the ramifications of its order.  *Am. Bioscience*, 269 F.3d at 1082.  The D.C. Circuit, however, read the judicial decision and the various circumstances differently than FDA had and vacated the agency's decision.  *Id.* at 1085.

Here, by contrast, Apotex cannot seriously contend that the New York court's decision is capable of any alternative interpretation. By its plain and unequivocal terms, that court's order mandates that the effective date of Apotex's ANDA approval be delayed: "Pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of approval for the aforementioned products and related ANDAs shall be not earlier than October 20, 2007, the date on which the six-month period of pediatric exclusivity under 21 U.S.C. § 355a(b)(2)(B) expires." AR Tab 1, at ¶ 3.

Apotex insists, however, that FDA "could and should have implemented the New York Court order by determining that there is no pediatric exclusivity to enforce, and thus no reason to revoke Apotex's approval." Reply Br. at 10 (Dkt. Entry 11). Apotex would thus have had FDA "implement" the New York court's order by rejecting the court's central conclusion concerning the applicability of pediatric exclusivity and literally reading out of the order the language mandating that the date of Apotex's approval "shall be not earlier than October 20, 2007." This interpretation is patently absurd. Apotex offers no legal support for its novel suggestion that an administrative agency can somehow "implement" a court's order by ignoring it.

**B.    This Court Cannot Grant the Relief that Apotex Seeks**

As Apotex's pleadings make clear, Apotex primarily takes issue with the New York court's decision, which held that pediatric exclusivity applies in this case, not with FDA's administrative implementation of that decision. Complaint ¶ 49 ("The New York Court's judgment, its denial of Apotex's motion for a stay, and the Federal Circuit's denial of Apotex's motion for a stay are all based on an erroneous assumption that AstraZeneca is entitled to a period of pediatric exclusivity that affects Apotex."). Apotex, however, is collaterally estopped from challenging that order in this Court. Under the doctrine of collateral estoppel, "'once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude

6

relitigation of the issue in a suit on a different cause of action involving a party to the first case.'" *McLaughlin v. Bradlee*, 803 F.2d 1197, 1201 (D.C. Cir. 1986) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

The New York court concluded that it had jurisdiction pursuant to 35 U.S.C. § 271(e)(4)(A) and its inherent equitable powers to order that the approval of Apotex's ANDA be delayed until the pediatric exclusivity period expired, even when the patents had expired before the court found infringement. AR Tab 2 (May 25, 2007, Order, at 26); AR Tab 1 (June 14, 2007, judgment against Apotex, at ¶ 3). Although Apotex is free to challenge that ruling on appeal to the Federal Circuit, it may not do so here. The relief that Apotex seeks from this Court (an order requiring FDA to immediately reinstate Apotex's final approval) would directly conflict with that judgment (an order directing that the effective date of approval be reset to October 20, 2007). Having failed to persuade the New York court to construe the patent statute and pediatric exclusivity provision in the manner it would prefer, Apotex's avenue of review lies with the appellate court, not with FDA or this Court. While Apotex may hope to find a more receptive audience for its statutory construction arguments in these venues, consideration of such issues by FDA or this Court would amount to an impermissible collateral attack upon the New York court's judgment.

At bottom, Apotex is attempting to relitigate the relief that the New York court awarded to AstraZeneca upon finding that Apotex infringed AstraZeneca's patents. FDA has no authority to interfere with that judgment, however, and Apotex has not set forth any legal basis upon which this Court can grant it the relief that it seeks.

7

## II.  THIS COURT SHOULD DENY APOTEX'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL REPLY

None of the "additional" information that Apotex now brings before this Court has any bearing on this Court's consideration of the dispositive issue in this case – whether FDA's implementation of the New York court's order under 35 U.S.C. § 271(e)(4)(A) was "arbitrary, capricious, an abuse of discretion, and contrary to law."  As explained above, FDA's action in this case cannot in any way be characterized as "contrary to law."  The "additional" information proffered by Apotex does not relate to the merits, but only to Apotex's alleged "irreparable" harm in support of its pending motion for preliminary injunctive relief.  That "information" – one state's Medicaid provider declining to provide reimbursements to pharmacies for Apotex's omeprazole products – does not support Apotex's claim for relief, and does not merit this Court's attention.

Because Apotex's likelihood of succeeding on the merits here is so slim, Apotex must make out a "very substantial showing of severe irreparable injury" to prevail on its motion for injunctive relief.  *Nat'l Pharm. Alliance v. Henney*, 47 F. Supp. 2d 37, 41 (D.D.C. 1999).  The information in the supplemental reply does not support Apotex's claim of such "irreparable" harm absent preliminary injunctive relief.  To be "irreparable," the injury alleged must be certain, great, actual, and imminent; economic harm alone is not enough.  *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985); *Apotex, Inc. v. FDA*, No. 06-0627, 2006 WL 1030151 (D.D.C. April 19, 2006) at *16 ("In this jurisdiction, harm that is 'merely economic' in character is not sufficiently grave under this standard."); *Boivin v. US Airways, Inc.*, 297 F. Supp. 2d 110, 118 (D.D.C. 2003).  The alleged loss of consumer confidence and confusion regarding the status

8

of Apotex's omeprazole products in a single state, Texas, do not constitute irreparable harm. Such harm, which is merely economic in character, does not "threaten destruction of the business." *See Gulf Oil Corp. v. Dep't of Energy*, 514 F. Supp. 1019, 1025 (D.D.C. 1981); *see also Sandoz, Inc. v. FDA*, 439 F. Supp. 2d 26 (D.D.C. 2006).

Apotex took the calculated risk when it marketed generic omeprazole products before the patent infringement litigation had concluded that it might later be required to remove its product from the market if the product were found to infringe, as happened here. If Apotex has suffered any harm in the form of diminished consumer confidence and confusion concerning the status of its product, such harm is self-inflicted and the foreseeable consequence of its own decision to launch its product at risk, and may not properly be attributed to FDA's implementation of the New York court's order granting relief for patent infringement.

Finally, Apotex's application will be eligible for final approval again on or about October 20, 2007, less than two months from now. None of the "additional information" proffered before this Court suggests that Apotex is unable to weather this period, as it has already done for over two months. Nor is that information even relevant to the crux of this case – the merits. FDA therefore respectfully requests that this Court deny Apotex's motion for leave to file a supplemental reply.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Apotex's complaint with prejudice, and deny Apotex's Motion for Leave to File Supplemental Reply in Support of Motion for Temporary Restraining Order And/Or Preliminary Injunction.

|  |  |
|---|---|
| Of Counsel: | Respectfully submitted, |
| DANIEL MERON<br>General Counsel | PETER D. KEISLER<br>Assistant Attorney General |
| SHELDON T. BRADSHAW<br>Chief Counsel, Food and Drug Division | C. FREDERICK BECKNER III<br>Deputy Assistant Attorney General |
| ERIC M. BLUMBERG<br>Deputy Chief Counsel, Litigation | EUGENE M. THIROLF<br>Director<br>Office of Consumer Litigation |
| WENDY S. VICENTE<br>Associate Chief Counsel | |
| U.S. Dept. of Health & Human Services<br>Office of the General Counsel<br>5600 Fishers Lane<br>Rockville, MD  20857<br>(301) 827-7138 | /s/<br>ANDREW E. CLARK<br>Attorney<br>Office of Consumer Litigation<br>U.S. Department of Justice<br>P.O. Box 386<br>Washington, D.C.  20044 |
| Dated:  August 30, 2007 | Tel:  (202) 307-0067 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| APOTEX INC., | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 07-1194 (RMU) |
|  | ) | |
| FOOD AND DRUG ADMINISTRATION, | ) | |
| *et al.*, | ) | |
|  | ) | |
| Defendants. | ) | |

## ORDER

UPON CONSIDERATION of the federal defendants' motion to dismiss and memorandum in support thereof, the grounds stated therefor, and the entire record herein, it is on this _____ day of _____, 2007,

ORDERED that said motion should be and hereby is GRANTED; and it is

FURTHER ORDERED that the above-captioned case is DISMISSED with prejudice.

IT IS SO ORDERED.

                                                                        _____
                                                                         RICARDO M. URBINA
                                                                         UNITED STATES DISTRICT JUDGE