# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

APOTEX INC.,

    Plaintiff,

v.

FOOD AND DRUG ADMINISTRATION, *et al.*,

    Defendants.

Case No. 07-cv-01194-RMU

### APOTEX INC.'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL REPLY IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

Apotex submits this reply in support of its motion for leave to file a supplemental reply (Dkt. Entry 20), which supplemental reply would support Apotex's pending motion for temporary restraining order and/or preliminary injunction (Dkt. Entry 3).

\*        \*        \*

Whether to grant Apotex's motion for leave is committed to the sound discretion of this Court; leave should be freely given in the absence of undue delay, undue prejudice to the opposing party, or bad faith on the part of the movant. *See, e.g., Soler v. G & U, Inc.*, 103 F.R.D. 69 (S.D.N.Y. 1984) (involving Rule 15(d) and *citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). For the reasons stated below, this Court should exercise its discretion and grant Apotex's motion.

First, the information in Apotex's supplemental reply brief and accompanying Second Supplemental Declaration of Tammy L. McIntire is new, having only recently come to Apotex's attention. Thus, this is not an instance where Apotex has "saved" or "recycled" existing information so as to have "another bite at the apple."

Second, the new information in question supports and corroborates statements in Apotex's opening brief and the accompanying Declaration of Tammy L. McIntire (Dkt. Entry 3), as well as in Apotex's reply brief in support of its motion for a temporary restraining order and/or preliminary injunction and accompanying Supplemental Declaration of Tammy L. McIntire (Dkt. Entry 11), regarding a loss in consumer confidence and confusion concerning the status of Apotex's omeprazole drug product. As noted in Apotex's opening brief, harm to Apotex's hard-earned reputation as a reliable and safe provider of lower-priced generic drugs is irreparable in every sense of the term and warrants emergency injunctive relief. Apotex Mem. (Dkt. Entry 3) at 27, citing *Teva Pharmaceuticals USA, Inc. v. Food and Drug Administration*, 182 F.3d 1003, 1011 n. 8 (D.C. Cir. 1999). Thus, Apotex's supplemental reply is directly relevant to the issue of irreparable harm.

Third, if for no other reason, this Court should grant Apotex's motion for leave because the new *specific* circumstance described in Apotex's supplemental reply brief and the accompanying Second Supplemental Declaration of Tammy L. McIntire completely negates the assertions of FDA and proposed intervenor-defendant Astra that Apotex's asserted harm is "speculative and unsupported" (FDA's Opp'n Mem. (Dkt. Entry 8) at 21; *see also* Astra Opp'n Mem. (Dkt. Entry 9) at 23-24).

Fourth, FDA's combined memorandum in support of its motion to dismiss and in opposition to Apotex's motion for leave to file a supplemental reply (Dkt. Entry 23) argues at length that Apotex's motion for leave should be denied because the "'additional' information proffered by Apotex does not relate to the merits" and does not have "any bearing on this Court's consideration of the dispositive issue in this case." FDA Comb. Mem. at 8. This argument is without merit. Apotex never contended that its new information relates to the merits.

Indisputably, however, this information is related to the irreparable injury that Apotex is suffering in the absence of preliminary injunctive relief. Carried to its logical conclusion, FDA's argument is that information regarding irreparable harm should *always* be disregarded, as it is *never* relevant to the merits of the controversy. That, of course, is not the applicable law, as irreparable injury is part of the four-prong test that this Court must consider in deciding whether to grant preliminary relief.

Finally, Apotex's additional, new information does not in any way enlarge the issues before this Court. Granting Apotex's motion for leave would not delay this Court's consideration of either Apotex's pending motion for a temporary restraining order and/or preliminary injunction or FDA's just filed motion to dismiss (Dkt. Entry 22).[1] It also would not prejudice FDA or Astra in any way.

*     *     *

For the foregoing reasons, as well as those previously stated in Apotex's motion for leave to file a supplemental reply, this Court should grant Apotex's motion for leave.

---

[1] Apotex will oppose FDA's motion to dismiss within the timeframe permitted by this Court's rules, or as otherwise directed by this Court.

Dated: August 31, 2007.　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　APOTEX INC.

　　　　　　　　　　　　　　　　　By:　   /s/ Arthur Y. Tsien   
　　　　　　　　　　　　　　　　　　　　Arthur Y. Tsien, D.C. Bar No. 411579
　　　　　　　　　　　　　　　　　　　　Kathryn E. Balmford, D.C. Bar No. 482279
　　　　　　　　　　　　　　　　　　　　OLSSON FRANK WEEDA TERMAN BODE
　　　　　　　　　　　　　　　　　　　　　  MATZ PC
　　　　　　　　　　　　　　　　　　　　1400 16th Street, N.W., Suite 400
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20036-2220
　　　　　　　　　　　　　　　　　　　　(202) 789-1212
　　　　　　　　　　　　　　　　　　　　(202) 234-3550 (facsimile)

　　　　　　　　　　　　　　　　　　　　William A. Rakoczy, D.C. Bar No. 489082
　　　　　　　　　　　　　　　　　　　　Amy D. Brody, D.C. Bar No. 478100
　　　　　　　　　　　　　　　　　　　　RAKOCZY MOLINO MAZZOCHI SIWIK LLP
　　　　　　　　　　　　　　　　　　　　6 West Hubbard Street, Suite 500
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60610
　　　　　　　　　　　　　　　　　　　　(312) 222-6301
　　　　　　　　　　　　　　　　　　　　(312) 222-6321 (facsimile)

　　　　　　　　　　　　　　　　　　　　*Counsel for Apotex Inc.*