IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            :
APOTEX, INC.,                               :
                                            :
            Plaintiff,                    :    Case No. 1:07-cv-01194-RMU
                                            :
       v.                                  :
                                            :
FOOD AND DRUG ADMINISTRATION, *et al.,*     :
                                            :
            Defendants.                   :
_____ :

**RESPONSE OF APPLICANT FOR INTERVENTION ASTRAZENECA LP
TO FEDERAL DEFENDANTS' MOTION TO DISMISS**

AstraZeneca LP ("Astra") supports the Federal Defendants' Motion to Dismiss and respectfully submits that the Court should dismiss Apotex's complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1] In addition to the arguments presented in the Federal Defendants' Motion, the arguments contained in the merits portion of Astra's Memorandum of Points and Authorities in opposition to Apotex's Motion for a temporary restraining order and/or a preliminary injunction ("Astra Opp.") warrant the dismissal of Apotex's suit, and Astra incorporates those arguments by reference.

As Astra previously explained, Apotex cannot establish that FDA's decision to convert Apotex's Abbreviated New Drug Application ("ANDA") for generic omeprazole from final approval to tentative approval was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  FDA acted in response to a patent court ruling that Apotex's generic omeprazole infringed on Astra's patents.  The patent court

---

[1] Astra moved for leave to intervene in this case on July 6, 2007.

ordered that the effective date for Apotex's ANDA for generic omeprazole "shall be not earlier than October 20, 2007, the date on which the six-month period of pediatric exclusivity under 21 U.S.C. § 355a(b)(2)(B) expires." (Astra Opp., Wolson Decl., Ex. A ¶ 3.) The patent court issued its order pursuant to 35 U.S.C. § 271(e)(4)(A) – a statute that specifically envisions implementation by FDA of such orders.

FDA's action here was consistent with the D.C. Circuit's decision in *Mylan Laboratories, Inc. v. Thompson*, 389 F.3d 1272 (D.C. Cir. 2004), *affirming Mylan Laboratories, Inc. v. Thompson*, 339 F. Supp. 2d 106 (D.D.C. 2004). In *Mylan*, a patent court held that Mylan infringed Alza's patents and ordered that "the effective date of Mylan's ANDA product shall be no earlier than the date of expiration of the '580 patent family." *Id.* at 1277. As it did here, FDA concluded in *Mylan* that the patent court's finding of infringement and its order under 35 U.S.C. § 271(e)(4) "transformed Mylan's ANDA approval into an approval with a delayed effective date, which is a tentative approval that cannot be made effective until FDA issues a letter granting final effective approval." *Id.* (internal quotations and citations omitted). This Court and the D.C. Circuit affirmed FDA's determination.

*Mylan* establishes that, once a patent court orders that an ANDA approval date be reset under § 271(e)(4), FDA must implement the court order by converting final approval of that ANDA to tentative approval. Simply put, because the patent court order set the earliest possible effective date of approval, there can be no final approval of an ANDA until the date reflected in that order. FDA's action here in converting Apotex's ANDA to a tentative approval status was

consistent with the D.C. Circuit's holding in *Mylan* and was therefore consistent with applicable law. Accordingly, Apotex cannot succeed in its challenge to FDA's action.[2]

## CONCLUSION

For all of these reasons, as well as the reasons set forth in the merits section of Astra's Opposition to Apotex's Motion for Temporary Restraining Order and/or Preliminary Injunction, the Court should grant the Federal Defendants' Motion and dismiss Apotex's complaint.

Respectfully submitted,

/s/ Joshua D. Wolson
Peter O. Safir (D.C. Bar No. 217612)
Carolyn F. Corwin (D.C. Bar No. 939355)
Joshua D. Wolson (D.C. Bar No. 473082)
Laura E. Derr (D.C. Bar No. 500344)
COVINGTON & BURLING LLP
1201 Pennsylvania Ave. N.W.
Washington, D.C. 20004
(202) 662-6000

*Counsel for Applicants for Intervention as Defendant AstraZeneca LP*

Dated: September 10, 2007

---

[2] Apotex also cannot succeed on any claim that FDA's process and decision were improperly truncated. As the record shows, FDA provided the parties the opportunity to make their arguments fully in letters to the agency. Moreover, *Mylan* provided a clear precedent for FDA's action, while the authority Apotex cited was plainly inapposite. Where the law is clear, FDA need not spell out all of its analysis; it is enough that FDA direct the parties to the basis for its decisions.

**CERTIFICATE OF SERVICE**

       I, Joshua Wolson, certify that on this 10th day of September, 2007, I caused a true and correct copy of the foregoing to be filed via the Court's CM/ECF system and effected service on all counsel of record per that system. In addition, I caused a true and correct copy of the foregoing to be served via electronic mail upon the following:

    Arthur Y. Tsien
    Kathryn E. Blamford
    OLSSON, FRANK AND WEEDA, P.C.
    1400 16th Street, N.W., Suite 400
    Washington, D.C. 20036
    atsien@ofwlaw.com

    William A. Rakoczy
    Amy D. Brody
    Natalie G. Mitchell
    RAKOCZY MOLINO MAZZOCHI SIWIK LLP
    6 West Hubbard Street, Suite 500
    Chicago, IL 60610
    wrakoczy@rmmslegal.com
    abrody@rmmslegal.com
    nmitchell@rmmslegal.com

    *Counsel for Plaintiff*

    Andrew E. Clark
    US DEPARTMENT OF JUSTICE
    P.O. Box 386
    Washington, DC 20044
    andrew.clark@usdoj.gov

    *Counsel for Defendants*

                                         /s/ Joshua D. Wolson
                                          Joshua D. Wolson