**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
APOTEX INC.,                                    )
                                                )
                 Plaintiff,                     )
                                                )
        v.                                      )        Civil Action No. 07-1194 (RMU)
                                                )
FOOD AND DRUG ADMINISTRATION,                   )
_et al._,                                       )
                                                )
                 Defendants,                    )
                                                )
        and                                     )
                                                )
ASTRAZENECA LP,                                 )
                                                )
                 Intervenor-Defendant.          )
_____ )

## <u>FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS</u>

In its opposition to federal defendants' motion to dismiss, Apotex spins circles around the

simple issue in this case: whether the Food and Drug Administration's ("FDA") implementation

of an order of the United States District Court for the Southern District of New York (the "New

York court") – an order that required FDA to change the approval status of Apotex's application

for omeprazole from "final" to "tentative" – violates the Administrative Procedure Act because

FDA's action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

with law." In denying Apotex's motion for injunctive relief, this Court has already decided that

Apotex is unlikely to succeed on the merits of its challenge – and the issue here is purely one of

law. Apotex fails to explain how it is plausible or even possible that FDA's implementation of

the court's order can be contrary to law. Because Apotex's challenge to FDA's ministerial action

in this case fails to state a claim for which relief can be granted, this Court should dismiss its

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**ARGUMENT**

**I.    Apotex Has Not Stated a Claim For Which Relief Can Be Granted**

**A.    FDA's Action is Not Contrary to Law**

Apotex argues that it has adequately stated a claim because "FDA had no lawful basis to revoke or convert Apotex's final approval." Opp. at 12.  The New York court's order, however, required a change in the approval status of Apotex's abbreviated new drug application ("ANDA") as follows:  "Pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of approval for the aforementioned products and related ANDAs shall be not earlier than October 20, 2007, the date on which the six-month period of pediatric exclusivity under 21 U.S.C. § 355a(b)(2)(B) expires."  AR Tab 1 (attaching court's order).  The D.C. Circuit has held that FDA is duty-bound to implement such orders, even when FDA is not a party to the private patent litigation:

> [T]he patent remedy statute directs that upon a finding of infringement the district court establish a new effective date for approval which is "not earlier than the date of the expiration of the patent which has been infringed," 35 U.S.C. § 271(e)(4)(A), and the ***FDA was bound under the district court's order to treat the status of Mylan's ANDA under the FDCA "the same as that of other ANDAs blocked from final approval by patent or exclusivity rights***."

*Mylan Laboratories, Inc. v. Thompson*, 389 F.3d 1272, 1282 (D.C. Cir. 2004) ("*Mylan (duragesic)*") (emphasis added).  As the *Mylan (duragesic)* decision makes clear, FDA did exactly what it was supposed to do in this case – indeed what it was *bound* to do – when it converted Apotex's ANDA to tentative approval status.  *See also* Memorandum Opinion, Dkt. Entry 29, at 11 ("Mem. Op.") ("The plaintiff has not convincingly argued that the FDA is free to disregard a court order when it imposes a period of exclusivity despite the patent's expiration.").

Once the court determined that the effective date of Apotex's ANDA should be delayed until October 20, 2007, FDA was bound to give effect to that order, in recognition of the New

York court's judicial power to grant relief.  Although FDA was not a party to that case, FDA

properly determined in *Mylan (duragesic)* and here that it would respect the authority of a district

court to issue orders that collaterally require the agency to take action.  *See id.*[1]  Indeed, the

district court's decision in *Mylan (duragesic)* makes clear that the change in approval status –

what Apotex is challenging in this case – is brought about by the district court pursuant to the

patent code, not by FDA:

> Therefore, the Vermont Court's order had the effect of altering the FDA's final
> effective approval date . . . and created an ANDA that had received final approval
> with a delayed effective date.  For this reason, the plaintiffs' [argument that FDA
> erroneously revoked final approval] must be rejected ***since the Vermont Court,
> not the FDA, brought about the change pursuant to the patent code***.

*Mylan Laboratories, Inc. v. Thompson*, 332 F. Supp. 2d 106, 119 (D.D.C. 2004), *aff'd, Mylan*

*(duragesic)* (emphasis added).  Likewise, because the New York court, not FDA, effected the

change in approval status of Apotex's ANDA in this case, Apotex has failed to state a claim for

relief against FDA in this Court.

Apotex fares no better in asserting that FDA has abdicated its exclusive statutory

authority to determine the existence of pediatric exclusivity.  Opp. at 13.  FDA determined that

Astra has qualified for pediatric exclusivity by satisfying the statutory requirements to conduct

pediatric studies.[2]  On other occasions, where a court's order awarding relief for patent

---

[1]  Apotex attempts to distinguish *Mylan (duragesic)* on the ground that the district court in that
case issued its infringement decision before the patent had expired.  Apotex argues that this fact
is "critical, and indeed key" to the pediatric exclusivity determination.  Opp. at 19.  In denying
Apotex's motion for injunctive relief, however, this Court agreed with federal defendants that
FDA's action was "appropriate" under *Mylan (duragesic)*, regardless of whether the patent had
already expired.  Mem. Op. at 11.  FDA did not second-guess the substance of the district court's
infringement determination in *Mylan (duragesic)*, and it does not do so here.

[2]  *See* Electronic Orange Book, *available at* http://www.accessdata.fda.gov/scripts/cder/ob/
docs/patexclnew.cfm?Appl_No=019810&Product_No=001&table1=OB_Rx (showing pediatric

infringement under 35 U.S.C. § 271(e)(4)(A) did not account for the possibility of pediatric

exclusivity, FDA has been called upon to construe the pediatric exclusivity statutory provisions

to determine whether such exclusivity applies to particular generic applicants.  *See Mylan*

*Laboratories,* 332 F. Supp. 2d at 114 (noting that the court's order under 35 U.S.C.

§ 271(e)(4)(A) "did not provide a specific effective date"); *see also Mylan Laboratories, Inc. v.*

*Leavitt,* 484 F. Supp. 2d 109, 121 (D.D.C. 2007) ("*Mylan (amlodipine)*") (upholding FDA's

decision that pediatric exclusivity should not block approval of an applicant that had prevailed in

patent litigation, noting that the agency was resolving an "ambiguity").   FDA has never,

however, revisited a court's decision that pediatric exclusivity applies to a particular generic

applicant.

  As this Court has already determined in denying Apotex's motion for injunctive relief,

the New York court had authority under 35 U.S.C. § 271(e)(4)(A) and its own equitable power to

grant the relief that it did in this case, and the court's order left no room for FDA independently

to decide whether pediatric exclusivity should apply to Apotex.  *See* Mem. Op. at 10 & n.3

(observing that 35 U.S.C. § 271(e)(4)(A) authorized the New York court's decision to impose

pediatric exclusivity); *see also id.* at 13 ("The plaintiff, therefore, has not persuasively argued

that the FDA had discretion to exercise in this circumstance.").  Given the bedrock principle that

"it is emphatically the province and duty of the judicial department to say what the law is,"

*Marbury v. Madison*, 5 U.S. 137, 177, 2 L. Ed. 60 (1803), FDA properly determined that it

would not revisit an issue that the New York court had already squarely decided.

  Apotex's reliance on FDA's decisional letter in *Mylan (amlodipine)* is likewise

---

exclusivity for the applicable Astra patents).

4

unavailing.  *See* Apotex Opp. at 16-18 (arguing that FDA's own "binding precedent" in *Mylan (amlodipine)* requires the agency to determine that Apotex cannot be blocked by pediatric exclusivity).  As this Court has already determined, "the FDA's action here does not represent a departure" from that decision.  Mem. Op. at 12 n.4.  In *Mylan (amlodipine)*, the district court determined that Mylan infringed the patent, but Mylan successfully sought a stay of the court's order under 35 U.S.C. § 271(e)(4)(A), and the court's order therefore had no effect on the approval status of Mylan's application.  Apotex's failure – on three separate occasions – to obtain a stay of the district court's decision in this case expressly distinguishes that case from this one.  *See* Federal Defendants' Memorandum in Opposition to Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Dkt. Entry 8), at 12-13.

**B.     Apotex Impermissibly Attacks the New York Court's Order**

The relief that Apotex seeks in this case, an order from this Court requiring FDA to reinstate final approval of Apotex's application for generic omeprazole immediately, would directly conflict with the relief afforded by the New York court:  "Pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of approval for the aforementioned products and related ANDAs ***shall be not earlier than October 20, 2007***, the date on which the six-month period of pediatric exclusivity under 21 U.S.C. § 355a(b)(2)(B) expires."  AR Tab 1 (attaching court's order) (emphasis added).  Apotex insists that it is not attacking the New York court's order, and that the relief it seeks in this Court would not conflict with the relief granted by the New York court, by selectively quoting the court's order and leaving out the mandatory language "shall not be earlier than October 20, 2007."  Opp. at 15.  Because any order that this Court would issue allowing final approval of Apotex's ANDA before that date would necessarily conflict with the New York court's order, Apotex cannot wordsmith around the fact that its complaint in this case

impermissibly invites this Court to grant contradictory relief. *See also* Mem. Op. at 17 ("Despite the plaintiff's arguments to the contrary, for this court to rule that the FDA acted improperly would be to undermine the integrity of the New York court's ruling.").

Apotex argues that the New York court "did not, and respectfully could not, purport to answer" the question of whether pediatric exclusivity should apply to Apotex. Opp. at 15. Apotex could not be farther from the truth. The New York court most assuredly did decide that issue, as its opinion and judgment clearly state. In addition to the court's judgment expressly referencing the existence of pediatric exclusivity applying to Apotex, the New York court issued a decision explaining, in several pages, its rationale for deciding that pediatric exclusivity would apply. *See* New York court decision dated May 25, 2007, at 19-23 (attached to AR Tab 2) ("Accordingly, the Court concludes that if it determines that the [applicable] patents are valid and infringed, it may issue an order pursuant to 35 U.S.C. § 271(e)(4)(A) recognizing Astra's six-month period of pediatric exclusivity under 21 U.S.C. § 355a(c)(2)(B).").[3]

Moreover, Apotex concedes that the New York court determined that pediatric exclusivity applies in its appeal of the New York court's decision to the Federal Circuit: "The [New York] court impermissibly extended the life of the expired patents via the pediatric exclusivity." *See AstraZeneca AB v. Apotex*, No. 07-1414, -1416, -1458, -1459 (Appellant's brief filed Aug. 31, 2007) (relevant portion attached as Exhibit 1 hereto), at 69. Apotex's claim for relief on the issue of whether pediatric exclusivity applies properly belongs before the Federal

---

[3]  The court's May 25, 2007 decision was issued in response to a motion filed by another generic manufacturer, Impax Laboratories, Inc. ("Impax"), seeking to dismiss the patent infringement case as moot because the patents had already expired. The court's reasoning applies equally to Apotex, because Apotex was in the same position as Impax for purposes of contesting the applicability of pediatric exclusivity in the event it was found to infringe the patents, although Apotex did not challenge the court's jurisdiction on that issue until later. *See* AR Tab 2 at 2.

Circuit, not before FDA or this Court. "[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *McLaughlin v. Bradlee*, 803 F.2d 1197, 1201 (D.C. Cir. 1986) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

For this reason, Apotex gains nothing by advancing statutory construction arguments in support of its theory that FDA should have determined that pediatric exclusivity does not apply, notwithstanding the New York court's decision that it did. Opp. at 21-22. None of these arguments is relevant to FDA's role of implementing the New York court's decision by converting Apotex's ANDA from finally to tentatively approved – the administrative action that Apotex ostensibly challenges in this Court. Such arguments serve only to demonstrate that Apotex is actually seeking to challenge the *substance* of the New York court's decision, which challenge is not properly before this Court. FDA has no authority to interfere with the New York court's judgment, and Apotex has not set forth any legal basis upon which this Court can grant it the relief that it seeks.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Apotex's complaint with prejudice.

Respectfully submitted,

Of Counsel:

DANIEL MERON                           PETER D. KEISLER
General Counsel                        Assistant Attorney General

JEFFREY SENGER                         C. FREDERICK BECKNER III
Acting Chief Counsel,                  Deputy Assistant Attorney General
Food and Drug Division

ERIC M. BLUMBERG                       EUGENE M. THIROLF
Deputy Chief Counsel, Litigation       Director
                                       Office of Consumer Litigation
WENDY S. VICENTE
Associate Chief Counsel

                                       _____/s/_____
U.S. Dept. of Health & Human Services  ANDREW E. CLARK
Office of the General Counsel          Attorney
5600 Fishers Lane                      Office of Consumer Litigation
Rockville, MD  20857                   U.S. Department of Justice
(301) 827-7138                         P.O. Box 386
                                       Washington, D.C.  20044
Dated:   September 20, 2007            Tel:  (202) 307-0067

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a copy of the foregoing Federal Defendants' Reply in Support of Motion to Dismiss to be served via the District Court's electronic filing (ECF) system upon:

Arthur Y. Tsien
Kathryn E. Balmford
OLSSON, FRANK AND WEEDA, P.C.
1400 16th Street, N.W., Suite 400
Washington, D.C.  20036-2220
*Counsel for Plaintiff Apotex Inc.*

William A. Rakoczy
Amy D. Brody
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60610
*Counsel for Plaintiff Apotex Inc.*

Peter O. Safir
Carolyn F. Corwin
Joshua D. Wolson
Laura E. Derr
COVINGTON & BURLING LLP
1201 Pennsylvania Ave. N.W.
Washington, D.C. 20004
*Counsel for Intervenor-Defendant AstraZenca LP*

this 20th day of September, 2007.

_____/s/_____
Andrew E. Clark

# Exhibit 1

In The
# United States Court of Appeals
### For The Federal Circuit

## IN RE OMEPRAZOLE PATENT LITIGATION

## ASTRAZENECA AB, AKTIEBOLAGET HASSLE, KBI-E, INC., KBI, INC., and ASTRAZENECA LP,

*Plaintiffs – Appellees,*

v.

## APOTEX CORP., APOTEX, INC., and TORPHARM, INC.,

*Defendants – Appellants,*

### and

## IMPAX LABORATORIES, INC.,

*Defendant – Appellant.*

APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK IN CASE NO. 01-CV-9351, 00-CV-7597, 01-CV-2998, AND M21-81, JUDGE BARBARA S. JONES

### BRIEF FOR DEFENDANTS-APPELLANTS APOTEX CORP., APOTEX, INC. and TORPHARM, INC.

CAESAR, RIVISE, BERNSTEIN,
  COHEN & POKOTILOW, LTD.
Robert S. Silver
Bruce J. Chasan
Allan H. Fried
William C. Youngblood
Marc B. Bassler
1635 Market Street, 11th Floor
Philadelphia, Pennsylvania 19103-2212
(215) 567-2010

*Counsel for Defendants-Appellants*
  *Apotex Corp., Apotex, Inc. and TorPharm, Inc.*          Dated: August 31, 2007

finds that '495 patent does not disclose an inert subcoating disposed on the core. . . .")).  Claim 7 of '230 is obvious in view of '495 and '226 (Example I) for the same reasons regarding claim 6 of '505.

### L.    CLAIM 13 OF '230 IS OBVIOUS

The omeprazole salts of '495 are useful in treating gastrointestinal disease. (JA79950-79951).  It would have been obvious to combine $CaCO_3$ and the barrier layer from '226 (Example I), with the enteric coated dosage form of '495 (Example 12), to yield claim 13 of '230.

It would have been obvious to combine the enteric coated dosage form of '495 (Example 12) with the subcoatings of *Tsuda* and *Up-To-Date*, to yield the invention of claim 13 of '230.

## VII.   THE COURT ERRED IN RESETTING OF FDA FINAL APPROVAL DATE OF APOTEX'S ANDA

In 2003, Apotex's ANDA received final FDA approval and Apotex has since sold its omeprazole product.[22]  On May 31, 2007, the court held the patents-in-suit valid and infringed by Apotex only *after* they had expired. (JA248)  On June 14 (¶3) and 15, 2007 (JA534-540;JA545-548), the court improperly reset Apotex's FDA final approval date: *"shall be not earlier than October 20, 2007, the date on which the six-month period of pediatric exclusivity under 21 U.S.C. §355a(b)(2)(B) expires."* (JA537 (emphasis added)).

---

[22] Astra never moved for a preliminary injunction.

The FDA then converted Apotex's final approval to a tentative approval until October 20, 2007. (JA97691). Apotex was effectively enjoined from selling its product. This Court reviews the grant of an injunction for abuse of discretion. *Novo Nordisk of N. Am., Inc. v. Genentech, Inc.*, 77 F.3d 1364, 1367 (Fed. Cir. 1996). The court clearly erred in resetting Apotex's ANDA final approval date based on pediatric exclusivity for several reasons.

The FDA, not a court, has exclusive authority to determine whether Astra is entitled to pediatric exclusivity. *See Mylan Labs., Inc. v. Thompson*, 332 F.Supp.2d 106, 118 (D.D.C. 2004), *aff'd*, 389 F.3d 1272 (D.C.Cir. 2004); *Mylan Labs., Inc. v. Leavitt*, 484 F.Supp.2d 109, 118 (D.C.C. 2007), *appeal pending*, No. 07-5156 (D.C. Cir.) (deferring to FDA's determination that Teva was barred by Pfizer's pediatric exclusivity but Apotex was not).

The court impermissibly extended the life of the expired patents via the pediatric exclusivity. *See Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1550 (Fed. Cir. 1994), *cert. denied*, 514 U.S. 1032 (1995); *see also Pfizer, Inc. v. Mylan Labs., Inc.*, 2006 WL 2990398, at *3 (W.D. Pa. Oct. 18, 2006) (dismissing §271(e) claims against ANDA-filer after patent expiration for lack of subject matter jurisdiction, although pediatric exclusivity was unexpired); *Alza Corp. v. Mylan Labs., Inc.*, 310 F.Supp.2d 610, 637 (D. Vt. 2004), *aff'd*, 391 F.3d 1365 (Fed. Cir. 2004).

69

The court improperly determined that Astra was entitled to pediatric exclusivity when Apotex received final approval *before* the patents-in-suit expired. An ANDA that stands finally approved (like Apotex's) at the time the final blocking patent expires is "not blocked by [a brand manufacturer's] pediatric exclusivity...under the literal terms of the [pediatric exclusivity] statute." (JA97048). Courts have deferred to this decision. *See Mylan*, 484 F.Supp.2d at 109. Further under 21 U.S.C. §355a(c)(2)(B) – "the period during which an application may not be approved" – refers to ANDAs that *have not yet* been approved.

The injunction issued without evaluating the factors in *eBay, Inc. v. MercExchange, L.L.C.*, 126 S.Ct. 1837 (2006).

Under Fed.R.App.P. 28(i), Apotex adopts by reference Section I.B of Co-Appellant Impax's opening brief.

70